MARY A. MEYER OEHLER v. HERBERT F. WALSH ET AL.

1. PROCEEDINGS IN ERROR—"FOUR MONTHS," IN STATUTE DEFINING TIME FOR COMMENCING ERROR PROCEEDINGS, MEANS CALENDAR MONTHS.

When an act is required by statute to be performed within a certain number of months after a certain date, the word "months" will be construed to mean calendar months, whether of twenty-eight, twenty-nine, thirty or thirty-one days, and proceedings in error commenced on the corresponding day of the fourth month after the rendition of the judgment comply with the statute in this regard.

Oehler v. Walsh.

2. JUDGMENT QUIETING TITLE AGAINST TAX DEED NOT BINDING ON OWNER NOT A PARTY TO SUIT.

The judgment rendered in a suit to quiet title to land against a claimant under a void tax deed is not binding upon the real owner who is not a party to the suit.

3. DEED PRESUMED TO BE DELIVERED ON DATE OF EXECUTION.

In the absence of evidence to the contrary, it will be presumed that a deed was delivered on the date of its execution.

[Syllabus by the court.]

ERROR to Hamilton common pleas court.

L. H. Pummill, for plaintiff in error.

W. A. Goodman, for defendant in error.

GIFFEN, J.

This action was commenced in the court of common pleas to recover possession of a strip of land seventy-two and forty-three hundredths feet in width, taken evenly off the west side of a tract of land containing one and sixty-five hundredths acres. The defendants in error are owners of a tract of land containing forty acres lying west and adjoining the one and sixty-five hundredths acres; the real contention between the parties being over the boundary line between the two tracts.

Judgment was rendered for the defendants, and to this judgment the plaintiff in error now prosecutes error, the only ground urged being that the court erred in overruling the motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence.

The first question to be considered is a motion made by the defendants in error to dismiss the proceedings for the reason that they were not commenced within four months after the rendition of the judgment—the judgment having been rendered on the thirtieth day of June, and the petition in error filed on the thirtieth day of October. When an act is required by statute to be be performed within a certain number of months after a certain date, the word "months" will be construed to mean calendar months, whether of twenty-eight, twenty-nine, thirty, or thirty-one days. The judgment in this case having been rendered on the thirtieth day of June, and the proceedings in error commenced on the corresponding day of the fourth month thereafter, a compliance with Rev Stat. 6723 (Lan. 10315) is shown. *McMurchey* v. *Robinson*, 10 Ohio 496; *Strong* v. *Birchard*, 5 Conn. 357; *Guaranty Tr. & Safe Dep. Co.* v. *Railway*, 139 U. S. 137 [11 Sup. Ct. Rep. 512; 35 L. Ed. 116]. The motion will be overruled.

Coming now to the merits of the case, the plaintiff failed to show a good title by deed to the premises in controversy. She claims title

through Henry Lore, who, by deed dated August 18, 1842, conveyed to Andrew Ammerman the following described land:

"Beginning at the southeast corner of Joseph Pouder's land, thence south five (5) chains, forty-eight (48) links, thence east five (5) chains, forty-eight (48) links, thence north five (5) chains, forty-eight (48) links, to the south line of Samuel J. Pouder's land, thence west with the south line of said Samuel J. Pouder's land, to the place of beginning, containing three acres of land, strict measure."

A part of the above described premises lies west of the middle line running north and south in the northeast quarter of the section, and embraces the strip of ground now in controversy. At the time the deed was executed, the grantor, Henry Lore, had no title to any part of the west half of the northeast quarter, and the claim of title by deed by the plaintiff through him therefore necessarily failed. But the grantee, Andrew Ammerman, took possession of the land described in his deed, and erected a house upon that part here in controversy, and he and his successive grantees held adverse possession from 1842 to 1888, a period of forty-six years. It is claimed, however, that the title to said strip of ground was quieted by the court of common pleas of this county, in an action begun by William Disney, the owner of the forty acre tract, against Joseph A. Meyer, the father of the plaintiff, who was alleged to have a tax title to said forty acres. The record of the case is incomplete, none of the pleadings being in evidence, although it appears from the judgment that the plaintiff is adjudged to be the owner in fee simple of the premises described in the petition and that the defendant has no estate or interest therein. It appears from the abstract of title offered in evidence that William Disney, at the time this suit was commenced, in 1887, was the owner of the forty acre tract, and we may, therefore, assume that this property was described in the petition.

The only evidence of the tax title asserted by the defendant is the auditor's deed which describes the property as follows: "Situated in Hamilton county and state of Ohio, to wit: R. 1, I. 2, Sec. 13 N. E. Colerain Tp., 40 acres, Val. $1,480."

The most that can be said of this description is, that it pertains to forty acres somewhere in the northeast corner of Section 13, and is entirely too indefinite to bind the real owner of the property, she not being a party to the suit.

Defendants have been in possession since 1888, a period of seventeen years before the commencement of this suit, which is not sufficient length of time to invest them with the title by adverse possession.

Oehler v. Walsh.

It is further claimed that the plaintiff could not maintain this action because although she had a deed from her father for his life estate, and although dated a few days prior to the commencement of this suit, yet it does not appear from the evidence that there was any delivery of the deed to her. Counsel claims that in the absence of other proof, the presumption is, that the deed was delivered when left for record with the recorder of the county.

In Devlin, Deeds Sec. 178, it is said:

"But when the time of actual delivery is doubtful, resort must be had to presumption. And the presumption in cases of this kind, it may be stated as a general rule, is, that a deed is delivered at its date."

We therefore conclude that this deed was delivered before the commencement of this action, which could, therefore, be maintained by plaintiff. The evidence shows that the defendants have made valuable and lasting improvements upon the land in controversy, amounting to $400, which should be paid to the defendants, unless they pay to the plaintiff the value of the land exclusive of such improvements. Revised Statutes 5786 (Lan. 9323).

Judgment will be reversed upon the ground that it is not sustained by sufficient evidence, and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.